IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Eric K.,[1] | ) Civil Action No.: 9:21-cv-208-BHH |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| Kilolo Kijakazi, Acting Commissioner of Social Security Administration, | ) |
| Defendant. | ) |

This action is brought pursuant to 42 U.S.C. § 405(g), seeking judicial review of the Acting Commissioner of Social Security's ("Commissioner") final decision, which denied Plaintiff Eric K.'s ("Plaintiff") claim for disability insurance benefits and supplemental security income. The record includes the report and recommendation ("Report") of United States Magistrate Judge Molly H. Cherry, which was made in accordance with 28 U.S.C. § 636 (b)(1)(B) and Local Civil Rule 73.02(B)(2)(a) (D.S.C.).

In her Report, the Magistrate Judge recommends that the Court affirm the Commissioner's final decision denying benefits. Plaintiff filed written objections to the Report, and the Commissioner filed a reply to Plaintiff's objections. *See* 28 U.S.C. § 636(b)(1) (providing that a party may object, in writing, to a Magistrate Judge's Report within 14 days after being served a copy). For the reasons stated below, the Court overrules Plaintiff's objections, adopts the Magistrate Judge's Report, and affirms the Commissioner's final decision denying benefits.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in Social Security cases, federal courts should refer to claimants by their first names and last initials.

**BACKGROUND**

Plaintiff filed an application for disability insurance benefits and supplemental security income in November of 2018, alleging disability beginning on May 1, 2018. Plaintiff's application was denied initially and on reconsideration, and Plaintiff requested a hearing before an administrative law judge ("ALJ"),which was held on February 28, 2020. On May 7, 2020, the ALJ issued a decision finding that Plaintiff was not under a disability as defined by the Social Security Act, as amended. The Appeals Council denied Plaintiff's request for review, thereby making the ALJ's decision the Commissioner's final decision for purposes of judicial review. Plaintiff filed this action seeking judicial review on September 10, 2021.

**STANDARDS OF REVIEW**

**I.      The Magistrate Judge's Report**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendations of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must

'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## II. Judicial Review of a Final Decision

The federal judiciary plays a limited role in the administrative scheme as established by the Social Security Act. Section 405(g) of the Act provides that "[t]he findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Consequently, judicial review . . . of a final decision regarding disability benefits is limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). "Substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). In assessing whether substantial evidence exists, the reviewing court should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (alteration in original).

## DISCUSSION

## I. The Commissioner's Final Decision

The Commissioner is charged with determining the existence of a disability. The Social Security Act, 42 U.S.C. §§ 301-1399, defines "disability" as the "inability to engage

in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).  This determination involves the following five-step inquiry:

> [The first step is] whether the claimant engaged in substantial gainful employment.  20 C.F.R. § 404.1520(b).  If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment.  20 C.F.R. § 404.1520(c)  If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations.  20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App. I.  If so, the claimant is disabled.  If not, the next inquiry considers if the impairment prevents the claimant from returning to past work.  20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a) . If the answer is in the affirmative, the final consideration looks to whether the impairment precludes that claimant from performing other work.

*Mastro*, 270 F.3d at 177 (citing 20 C.F.R. § 416.920).

If the claimant fails to establish any of the first four steps, review does not proceed to the next step.  *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1993).  The burden of production and proof remains with the claimant through the fourth step.  Then, if the claimant successfully reaches step five, the burden shifts to the Commissioner to provide evidence of a significant number of jobs in the national economy that the claimant could perform, taking into account the claimant's medical condition, functional limitations, education, age, and work experience.  *Walls*, 296 F.3d at 290.

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since May 1, 2018.  Next, the ALJ determined that Plaintiff has the following severe impairments: ischemic heart disease, obesity, generalized anxiety disorder, attention deficit hyperactivity disorder ("ADHD"), and bipolar disorder.  The ALJ found that Plaintiff does not

4

have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. With regard to Plaintiff's residual functional capacity ("RFC"), the ALJ found that Plaintiff can perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b), except that he is limited to simple, routine, and repetitive tasks. The ALJ found that Plaintiff is unable to perform any past relevant work, but that considering Plaintiff's age, education, work experience, and RFC, jobs exist in significant numbers in the national economy that Plaintiff can perform. Accordingly, the ALJ found that Plaintiff has not been under a disability at any time from May 1, 2018, through the date of the decision. (ECF No. 12-2 at 22-35.)

## II.    The Court's Review

In his initial brief in this action, Plaintiff raises the following issues:

Issue 1    Opinion evidence. The opinions of Klink's treating providers contain work-preclusive limitations which the ALJ improperly rejected. Where the ALJ improperly ignores the opinion evidence, can his decision be supported by substantial evidence?

    1.1    Dr. Smith provided opinions containing work-preclusive limitations

    1.2    The ALJ improperly rejected Dr. Smith's opinions

Issue 2    Evaluation of Klink's subjective complaints. In assessing a claimant's subjective complaints the ALJ's decision must contain specific reasons for his finding, supported by the evidence in the case record. When the ALJ fails to provide adequate reasons for his evaluation of a claimant's subjective complaints, can his decision be based on substantial evidence?

(ECF No. 15 at 2.)

The Magistrate Judge thoroughly considered each of Plaintiff's arguments, first

outlining the applicable regulations and summarizing the ALJ's evaluation of the medical opinion evidence. As the Magistrate Judge explained, under the new regulations, applicable to claims filed after March 27, 2017, an ALJ is not to defer to or give specific weight to medical opinions based on their source. Rather, pursuant to 20 C.F.R. §§ 404.1520c and 416.920c, an ALJ is instructed to consider and evaluate the persuasiveness of opinion evidence by considering the following factors: (1) supportability, (2) consistency, (3) relationship with the claimant, (4) specialization, and (5) other factors that tend to support or contradict the opinion. Of these factors, supportability and consistency are the most important, and an ALJ must explain how these factors are considered in his or her decision. *Id.*

In her Report, the Magistrate Judge quoted a large portion of the ALJ's discussion of the opinion of Plaintiff's treating physician, Dr. Smith, and the Magistrate Judge ultimately found no basis for remand. Specifically, the Magistrate Judge determined that the ALJ's persuasiveness evaluation adhered to the requirements of the new regulation because the ALJ properly articulated his consideration of the supportability and consistency factors. *See* 20 C.F.R. §§ 404.1520c(a), (b)(2), 416.920c(a), (b)(2).

First, the Magistrate Judge found that the ALJ addressed the supportability factor by finding that Dr. Smith's treatment notes throughout the record did not provide supportive objective medical evidence or explanation for his medical opinion. Second, the Magistrate Judge found that the ALJ addressed the consistency factor by noting that a finding of complete inability to work and excessive absences was not consistent with the evidence as a whole and by particularly noting the lack of evidence documenting any severe manic episodes or severe worsening of depression. The Magistrate Judge ultimately rejected

Plaintiff's arguments as to the ALJ's evaluation of the opinion evidence and found that the ALJ provided sufficient explanation to permit meaningful review.

Plaintiff objects to the Magistrate Judge's determination that the ALJ's findings were supported by substantial evidence. Specifically, Plaintiff argues that the ALJ's rationale in evaluating the supportabilty and consistency factors was unsupported. (ECF No. 23 at 1-2.) Plaintiff repeats his argument that the ALJ could have contacted Dr. Smith again if he found his opinion to be vague, and Plaintiff argues that the ALJ indicated that he was "unclear regarding the basis of a portion of Dr. Smith's opinion." (*Id.* at 2.) Also, Plaintiff repeats his argument that the notations relied upon by the ALJ that Plaintiff was "doing well" do not support the ALJ's finding that Plaintiff would be able to sustain a level of activity consistent with his RFC or explain how Dr. Smith's opinions were not consistent with the record. Finally, Plaintiff argues that the ALJ failed to include a specific explanation supporting his findings as to supportability and consistency, and Plaintiff argues that the ALJ failed to consider the consistency between Ms. Taylor's opinions and Dr. Smith's opinions.

After de novo review, the Court finds Plaintiff's objections unavailing. Instead, the Court fully agrees with the Magistrate Judge that substantial evidence supports the ALJ's evaluation of the opinion evidence, and the Court finds that the ALJ sufficiently articulated his consideration of the supportability and consistency factors to enable meaningful review.

First, the ALJ sufficiently explained his rationale for finding Dr. Smith's opinion unpersuasive. In regard to the ALJ's description of Dr. Smith's opinion as "speculative," Plaintiff argues in his objections that "vague" and "speculative" are "essentially the same," and Plaintiff asserts that "[t]he ALJ is indicating that he was unclear regarding the basis of

a portion of Dr. Smith's opinion." (ECF No. 23 at 2.)  Respectfully, the Court disagrees.  As the Magistrate Judge noted, the ALJ specifically found Dr. Smith's opinion "speculative" (meaning based on a guess and not information), noting that Dr. Smith stated that Plaintiff "probably cannot work from a physical standpoint." (ECF No. 19 at 10 (quoting ECF No. 12-2 at 28-29).)  There is simply nothing to indicate that the ALJ found Dr. Smith's opinion vague or that the ALJ had any reason to seek clarification from Dr. Smith.

Next, the Court finds no merit to Plaintiff's objection that the ALJ improperly relied on notations of stability and doing well on medications when finding Dr. Smith's opinions inconsistent with the record.  Plaintiff's objection simply reargues the issue he raised in his brief, but more importantly, it does not demonstrate how the ALJ took any notations of stability or doing well out of context; nor does Plaintiff show that the ALJ failed to properly explain his rationale for finding Dr. Smith's opinion unpersuasive.

As to Plaintiff's objection that the ALJ failed to properly evaluate Ms. Taylor's opinions, the Court notes (as the Magistrate Judge also noted) that Plaintiff included only one sentence in his argument referencing Ms. Taylor's opinions: "Ms. Taylor's opinions were not inconsistent with Dr. Smith's opinions, which the ALJ also rejected." (ECF No. 19 at 12 n. 15 (quoting ECF No. 15 at 26).)  Plaintiff now argues that Ms. Taylor's opinion that Plaintiff's bipolar diagnosis would lead to missed days and conflicts was consistent with Dr. Smith's opinions, but (as the Magistrate Judge also noted), the Court is not convinced that Plaintiff is correct.  Regardless, however, it is clear to the Court that the ALJ offered sufficient explanation for finding Ms. Taylor's opinions unpersuasive, and it is simply not this Court's duty to reweigh the evidence at this time.

In all, the Court agrees with the Magistrate Judge that Plaintiff's arguments simply

amount to disagreement with the ALJ's conclusions but fail to show how the ALJ ran afoul of the new regulations when evaluating the opinion evidence. Accordingly, the Court finds that remand is not warranted on the basis of the ALJ's evaluation of the opinion evidence.

In her Report, the Magistrate Judge next considered Plaintiff's argument that the ALJ improperly evaluated Plaintiff's subjective complaints. The Magistrate Judge outlined the applicable law, explaining that Social Security Ruling 16-3p provides a two-step process for evaluating an individual's symptoms. First, an ALJ must determine whether the individual has a medically determinable impairment "that could reasonably be expected to produce the individual's alleged symptoms." S.S.R. 16-3p, 2017 WL 5180304, at *3 (S.S.A. Oct. 25, 2017). Second, an ALJ must "evaluate the intensity and persistence of an individual's symptoms such as pain and determine the extent to which an individual's symptoms limit his or her ability to perform work-related activities[.]" *Id.* at *4.

Here, the Magistrate Judge found that the ALJ thoroughly detailed the medical evidence in the record, including specific notations to Plaintiff's complaints. (*See* ECF No. 19 at 15-17 (quoting ECF No. 12-2 at 25-27).) Ultimately, the Magistrate Judge found no error in the ALJ's observation that Plaintiff consistently denied having side effects from medication. Additionally, the Magistrate Judge rejected Plaintiff's argument that the ALJ cherry-picked notations from the records without considering overwhelming portions of the same records, noting that Plaintiff failed to identify any portions of the record that he believes the ALJ failed to consider. In all, after reviewing the record and the parties' arguments, the Magistrate Judge found substantial evidence to support the ALJ's consideration of Plaintiff's subjective complaints and found that the ALJ's explanation built a logical bridge from the evidence to his conclusion.

In his objections, Plaintiff essentially repeats his argument that the ALJ failed to build a logical bridge between the evidence and the ALJ's conclusions. Plaintiff also repeats his argument that an ALJ cannot use the lack of medication side effects as a basis to find a claimant's allegations unsupported if the claimant does not claim that medications limit his ability to do work, and he argues that the ALJ only considered Plaintiff's activities of daily living on his good days and overlooked the bad days. Plaintiff argues that the record evidence as to how frequently Plaintiff may not be able to get out of bed is Dr. Smith's opinion that Plaintiff would almost certainly be non-productive for three or more days out of the month and Ms. Taylor's opinion that a work environment may cause worsening symptoms. According to Plaintiff, the ALJ failed to show an actual inconsistency when rejecting Plaintiff's subjective complaints.

Here again, after de novo review, the Court finds Plaintiff's objections unavailing. Rather, the Court agrees with the Magistrate Judge that Plaintiff simply has not shown that the ALJ conducted an improper analysis of Plaintiff's subjective complaints or failed to properly consider the records and evidence in the case. As the Magistrate Judge noted, the ALJ thoroughly detailed the medical evidence of record and other evidence as it pertains to and Plaintiff's subjective complaints. Additionally, whether an individual suffers side effects of medication is a proper factor for the ALJ to consider; thus, the Court finds no merit to Plaintiff's assertion that the ALJ erred by including this detail. Next, the Court likewise finds no merit to Plaintiff's argument that the ALJ cherry-picked evidence when finding that Plaintiff's statements about the intensity, persistence, and limiting effects of his symptoms are inconsistent with the medical evidence and other evidence. Although Plaintiff points to Dr. Smith's and Ms. Taylor's opinions as evidence supporting Plaintiff's

subjective complaints, it is clear that the ALJ considered this evidence (and found it unpersuasive as previously set forth), and the Court agrees with the Magistrate Judge that Plaintiff's arguments (both in his briefs and his objections) merely disagree with the ALJ's conclusions but do not demonstrate how the ALJ conducted an improper analysis of Plaintiff's subjective complaints.

Ultimately, the Court finds that the ALJ's decision reflects a thorough consideration of the evidence, and the ALJ's explanation certainly builds a logical bridge from the evidence to his conclusion. As previously mentioned, the Court's job is not to reweigh conflicting evidence or make credibility determinations, and it is clear to the Court that substantial evidence supports the ALJ's determination. Accordingly, the Court finds that remand is not warranted on the basis of the ALJ's evaluation of Plaintiff's subjective complaints.

## **CONCLUSION**

For the foregoing reasons, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 19); the Court overrules Plaintiff's objections (ECF No. 23); and the Court affirms the Commissioner's final decision denying benefits.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

September 15, 2022
Charleston, South Carolina